McKinney, J.,
delivered the opinion of the Court.
On the 1st of July, 1857, the plaintiffs recovered seven different judgments against Wood and Hart, before *431 a justice of Bedford county, amounting, in the aggregate, to upwards of fourteen hundred dollars. The name of Cooper, the defendant, was entered as stay or, by the justice, under authority of the following instrument, addressed to said justice:
“Mr. E. B. PRICE,
“ Sir: — You will enter my name as stay of executions on five judgments that Morgan & Co. obtained before you, on the 1st day of July, against Wood & Hart, for some eight or nine hundred dollars, and costs of suits. This 3d day of July, 1857.
“J. L. COOPER, [seal.]”
On the day following the date of said paper, 4th of July, Cooper took from Wood, one of the firm of Wood & Hart, a conveyance for land and negroes, in the nature of a mortgage. The conveyance is made to Cooper himself, with a power of sale, and an unlimited discretion to dispose of the property, publicly or privately, on such terms, and at such time, as he may think best to meet the payment of the debts and judgments therein specified, for which Cooper had become liable as surety and stay or for Wood & Hart, or one of them. And among other debts specified, is the following : “ also, one judgment in favor of Morgan & Co., of Nashville, Tennessee, given 1st day of July, 1857, for $1468.00, judgment against Wood & Hart, and stayed by said J. L. Cooper.”
Before entering the name of Cooper as stayor, the foregoing paper was altered, so as to insert the word seven instead of five, and by adding the words, “ or more,” before the word dollars. The proof is not suffi *432 cient to establish, that the alterations were made by Cooper, or by his authority.
After the expiration of the stay, executions were issued on the several judgments; and thereupon, Cooper applied, by certiorari, to have them brought up into the Circuit Court to be quashed, on the ground that, by force of the foregoing paper, he was not legally bound as stayor.
The Circuit Judge held that he was not bound, and quashed the executions; and the plaintiffs appealed in error.
The legal effect of the deed of the 4th of July out of view, the judgment would be unquestionably correct. The paper upon which the justice acted, is, in its original form, insufficient to have authorized the justice to enter the name of Cooper as stayor; and even if sufficient as altered, it could not be regarded as binding on Cooper, upon the proof in the record, it not appearing that the alterations were with his knowledge, or by his authority.
But the fact of his taking the deed, on the day after his name had been entered as stayor, wholly changes the complexion of the case in our view.
He is a party to the deed. It was made to him, as well for his own indemnity, as for the security of the debts; and he is, by implication, constituted a trustee for the creditors. By the recitals of the deed he is estopped to deny his liability as stayor, for the fact is expressly recited in the deed. True, the description of the several judgments is not specific. The amounts are aggregated, and for the gross sum, as one judgment, in favor of Morgan & Co., against Wood & Hart, obtained *433 on tbe 1st of July, 1857. The defendant, Cooper, is indemnified as the stayor. The want of' a more minute description of the judgments in the deed, is no objection. The description is amply sufficient, in the absence of any proof of. other judgments, between the same parties, on the same day, to demonstrate, to a moral certainty, that the debt provided for in the deed, is the same debt evidenced by the several judgments. The description in the deed is ample to enable the defendant to avail himself of the stipulated indemnity, in the event of his having, as stayor, to discharge the judgments. To hold him to his liability, therefore, is only to give effect to his undertaking, in the sense in which he himself intended it should nave effect; of this he cannot justly complain.. And we do so upon the principle, that the deed creates, an estoppel upon him, to gainsay his liability as stayor. To hold otherwise would be, as it seems to us, to trifle-with the administration of justice.
The judgment will be reversed, and the petition and supersedeas dismissed. And under the Code, §§ 3137,. 3138, judgment will be rendered here in favor of the plaintiffs, as therein provided.